UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SILVIA MUNOZ, ET AL. | *CIVIL NO. 6:15-2328 |
| VERSUS | *JUDGE HAIK |
| BOLLINGER SHIPYARDS, LLC., ET AL. | *MAGISTRATE JUDGE HANNA |

<u>RULING</u>

Pending before the court is the Motion to Compel filed by plaintiff, Sylvia Munoz ("Munoz"). [rec. doc. 26]. By this Motion, Munoz seeks an order of this court directing defendant, Guro Enterprises, LLC ("Guro"), to provide full responses to Interrogatory numbers 3-10 and 12, and Requests for Production of Documents numbers 1-12, propounded on November 27, 2015, and to produce Jorge Guerrero for deposition. Munoz additionally seeks Rule 37 sanctions, attorney fees and costs. Oral argument on the Motion was held on March 15, 2016 at which time the Court indicated that it would deny the Motion insofar as it requested Guro to produce Jorge Guerrero for deposition and the remainder of the Motion was taken under advisement. This Ruling follows.

The record reveals that in her original September 3, 2015 FLSA Collective Action Complaint Munoz named Bollinger Shipyards, LLC ("Bollinger"), and Guro as her employer and the employer of the potential collective action members. Munoz additionally named Cesar Gurrero as the owner, operator and director of Guro with executive authority over the jobs Guro employees were provided. [rec doc. 1]. Guro

and Cesar Guerrero answered the Complaint admitting only that plaintiff performed services for Bollinger, and that Cesar Guerrero is an owner and member of Guro, who has the authority to hire and fire Guro's employees. [rec. doc. 12, ¶ ¶ 1, 6, 7, 19 and 20].

In response to Munoz' discovery, Guro claimed that it did not employ Munoz, but rather that Munoz was employed by JAG Premier, Inc. ("JAG"). Hence, Guro objected to Munoz' discovery requests (Interrogatories numbers 3, 4 and 6) stating they were "not relevant." The remainder of the requests were answered stating "plaintiff was not employed by Guro. Plaintiff was employed by JAG Premier, Inc." and ""plaintiff did not work for Guro. Plaintiff was employed by JAG Premier, Inc." or simply "plaintiff did not work for Guro."

Munoz has provided a copy of the July 22, 2014 contract between Guro and Bollinger. The contract reflects that Guro was to perform work for Bollinger, along with several other entities, including JAG. The contract is executed by Jorge Guerrero as the "authorized company representative" of all entities, including Guro. Munoz also submits a Bollinger "vendor information sheet" wherein Jorge Guerrero signed as President of Guro, along with his LinkedIn profile which likewise lists him as president of Guro.

Thereafter, Munoz filed an Amended Complaint naming JAG and Jorge Guerrero as additional defendants. JAG is alleged to be in the business of providing labor, which

supervised the day to day work activities of the plaintiffs, and determined the plaintiffs work schedule. Jorge Guerrero is an alleged owner, operator and director of JAG which had the authority to hire and fire JAG employees, including plaintiff, and which had executive authority over the jobs JAG employees were provided, including rate of pay for those jobs. [rec doc. 20, ¶ ¶ 29-31, 34-36]. By Amended Answer, other than admitting JAG provides services and that Jorge Guerrero is an owner and director of JAG, Guro and Cesar Guerrero denied plaintiff's allegations. [rec. doc. 25, ¶ ¶ 23-25, 27-29]. Neither Jorge Guerrero nor JAG have filed an answer to the Amended Complaint.

Guro responds to the instant Motion attaching the declaration of Cesar Guerrero in which he states that he is the managing member of Guro and that at this time Jorge Guerrero is not an employee, officer, director, member, agent or representative of Guro; that he asked Jorge Guerrero to execute the July 22, 2014 contract with Bollinger because of his pre-existing relationship with Bollinger and that he executed an addendum to the original contract in May 2015 and has not executed a contract or acted as a representative of Guro since that time. Guro also submits a July, 30, 2014, contract between Guro and JAG wherein Guro contracted with JAG, a Louisiana corporation, to recruit, hire and pay employees to provide services to Bollinger. That contract, effective August 1, 2014, was executed by Cesar Guerrero on behalf of Guro and Jorge Guerrero as president of JAG. Cesar Guerrero further declares that Guro did not recruit,

hire or pay employees to provide services to Bollinger and that it did not employ any persons in any capacity similar to plaintiff or who works in a similar capacity. Guro additionally submits Munoz' I-9 form indicating that JAG is her employer, and copies of JAG's check register and payroll journal evidencing that plaintiff received her paychecks from JAG. Thus, Guro argues that its responses to Munoz' discovery are adequate, and the fact the Munoz does not like Guro's response provides no support for a motion to compel. Further, based on this evidence, Guro argues that it need not produce Jorge Guerrero for deposition as he is not under the control of Guro.

By Reply, Munoz argues that both Cesar Guerrero and Jorge Guerrero play active roles in both businesses which fits with her single enterprise liability theory. In support, she provides copies of bank records demonstrating checks from Guro's bank account signed by Jorge Guerrero. She also submits a Guro "Bookkeeping Control Slip" dated March 4, 2015 signed by Jorge Guerrero attached to which is a list of employees with the days and hours worked by them, and several JAG "Bookkeeping Control Slips" signed by Cesar Guerrero. Accordingly, Munoz argues that Guro should be required to produce Jorge Guerrero for deposition, as Guro is merely "hiding the ball." Guro admits however, that this portion of the motion will be moot once Jorge Guerrero answers the lawsuit and will be subject to deposition under Rule 30.

With respect to the adequacy of Guro's discover responses, Munoz argues that Guro only objected on grounds of relevance to Interrogatories 3, 4 and 6, hence it has

4

waived this objection with respect to the remaining Interrogatories. Additionally, Munoz argues that Guro's responses to the remaining discovery, to the effect that it did not employ Munoz, do not constitute a valid objection.

With respect to Interrogatories 7 and 8, 5 and 10, Munoz argues that regardless of its legal position relative to its employer status, an answer should be given by Guro. Finally, with respect to Interrogatory 12, Munoz argues that the response is incomplete given that there is evidence that an individual named Sayri Pena has some involvement in payroll work on behalf of Guro.

Finally, with respect to Interrogatories 3,4, and 6 to which Guro objected on grounds of relevance, Munoz argues that answers should be submitted given that Guro received weekly reports showing workers and the times they worked broken down by days and hours worked.

Rule 26(b)(1), FRCP, provides " [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." The "control of discovery is committed to the sound discretion of the trial court. . . ."

*Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009*) quoting Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987) and *Mayo v. Tri–Bell Indus., Inc.,* 787 F.2d 1007, 1012 (5th Cir.1986).

The Court must limit discovery otherwise allowed by the Federal Rules"if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Rule 26(b)(2)(C), FRCP. The party resisting discovery must show specifically how each discovery request is not relevant or how each discovery request is otherwise objectionable. *McLeod, Alexander, Powel & Apffel, PC v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

The requested discovery is reasonably calculated to lead to the discovery of admissible evidence concerning the identity of Munoz' employer and the employer of the potential collective action members. With the exception to interrogatories 3, 4 and 6, Guro merely entered a general statement that it was not the plaintiff's employer. This statement merely begs the question, which is who is the employer of Munoz for purposes of liability under the FLSA. While Guro's opposition memorandum provides support for its legal position, this evidence does not excuse Guro from providing full and complete responses to Munoz' discovery. Accordingly, the Motion to Compel will

be granted and Guro will be ordered to respond fully and completely to Munoz' discovery requests.

Under Rule 37(a)(5)(A), when a motion for an order compelling discovery is granted, "the court *must,* after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless, *inter alia*, "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A). Similar sanctions, which may be imposed in addition to other Rule 37 sanctions, are authorized under Rule 37(d)(3) for a party's failure to act, which includes a party's failure to respond to requests for the production of documents.

A party's discovery conduct is "substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Orthoflex, Inc. v. ThermoTek, Inc.*, 2015 WL 4486756, *8 (N.D. Tex. 2015) *citing S.E.C. v. Kiselak Capital Grp., LLC,* 2012 WL 369450, at *5 (N.D. Tex. 2012) *quoting Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993)) (internal quotation marks omitted). The burden is on Guro to show that its actions were substantially justified. *Id. citing Poly–America, L.P. v. Stego Indus., LLC,* 2011 WL 1583913, at *2 (N.D. Tex. 2011) *citing Avance v. Kerr–McGee Chem., LLC*, 2006 WL 3912472, at *2 (E.D. Tex. 2006).

Here, the Court finds that Guro's failure to adequately respond to Munoz' discovery was not substantially justified nor would permitting an award of sanctions be unjust. Munoz' discovery was directed to a central issue in this case and the responses thereto were incomplete and evasive. Indeed, Guro's failure to respond fully and completely to Munoz' discovery requests, even after the filing of the instant Motion, has necessitated briefing and oral argument that could have been avoided. The Court will therefore award Munoz sanctions in the form of attorneys' fees and costs in the amount of $1250.00.

Finally, while the Court is not entirely convinced that Jorge Guerrero is not under the control of Guro, given the separate corporate identity of JAG, and the insufficient showing at this time for the Court to conclude alter ego or a joint employer status, and the fact that Jorge Guerrero could have been issued a Rule 45 subpoena for deposition by the plaintiff, and in any event, will soon be amenable to deposition under Rule 30 as a party to this action, the Court will not order Guro to compel Jorge Guerrero's attendance at a deposition at this time.

Signed this 18th day of March, 2016.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**