UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SILVA MUNOZ, ET AL.                    CIVIL NO. 6:15-cv-02328

VERSUS                                 JUDGE JAMES

BOLLINGER SHIPYARDS, LLC.,             MAGISTRATE JUDGE HANNA
ET AL.

## REPORT AND RECOMMENDATION

The parties reached a settlement in this case which has been conditionally certified a collective action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Accordingly, counsel filed a Joint Motion for Court Approval of Settlement.  [Rec. Doc. 94]. Counsel has also provided a copy of the Proposed Settlement Agreement. Under the Proposed Settlement Agreement, all collective action members will receive the full amount of their damages under the FLSA and no collective action member's payment will be reduced by attorneys' fees and expenses.

For the following reasons, it is recommended that the Proposed Settlement be approved, and accordingly, that the Court grant the Joint Motion for Court Approval of Settlement. [Rec. Doc. 94].

## LAW AND ANALYSIS

Because this case has been conditionally certified as a collective action under the FLSA, this Court must approve the settlement before it may be finalized.  *See Brooklyn*

*Sav. Bank v. Oneil*, 324 U.S. 697 (1945).

Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2008).

The instant action presents a bona fide dispute over FLSA provisions, including whether the plaintiffs are classified as the defendants' employees, whether the plaintiffs can prove that the defendants owe them overtime wages, and whether the regular rate of pay for overtime calculation purposes should include per diem payments that the plaintiffs received during their employment with the defendants. Because these issues are sufficient for this Court to find that genuine uncertainty as to the outcome existed for each side, a bona fide dispute exists in this case.

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Reed v. General*

*Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) *citing Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). When considering these factors, the court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

The parties have agreed to individual settlement amounts for each of the fourteen plaintiffs based on the extent of overtime hours actually worked and the amount of allegedly unpaid overtime calculated to be due, as well as an equal amount in liquidated damages. For the reasons set forth below, these factors mandate a finding that the proposed settlement is fair, adequate and reasonable, and accordingly, it is recommended that the proposed settlement be approved.

There is no evidence of any fraud or collusion behind the settlement. The Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary. *Camp v. Progressive Corp.*, 2004 WL 2149079 at *7 (E.D. La. 2004) *citing* 4 Newberg on Class Actions § 11.51 (4th ed.). Moreover, since this case was filed in 2015, counsel for the parties have vigorously represented and advanced the position of their clients, engaging in discovery, and competently addressing the issues presented in this litigation. Furthermore, given the Court's active role in overseeing this litigation and the attendance by the parties at a court ordered conference on November 9, 2015, and the parties' responses to Court ordered inquiry on November 4, 2016, which

culminated in the Proposed Settlement Agreement, it is clear that the settlement has been arrived at by arms-length bargaining and good faith negotiations. The first factor favors approval of the settlement as fair, adequate and reasonable.

With regard to the inquiries set forth in the second factor, the complexity, expense, and likely duration of the litigation, this FLSA action presented multiple complex legal issues which have been zealously litigated by experienced counsel, at significant expense. Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two years, causing the parties to have incurred significant additional expense. Following the opt-in deadline, the defendants could have filed a motion to decertify the collective action, which would have necessitated additional discovery, briefing and court appearances. Accordingly, the second factor weighs in favor of finding that the settlement is fair, adequate and reasonable.

The third factor, the stage of the proceedings and the amount of discovery completed, likewise supports a finding that the settlement is fair, adequate and reasonable, and accordingly, should be approved. This case has been pending for over a year. During its pendency, the parties have conducted discovery and factual and legal investigations. The Court has conditionally certified a collective class of employees that worked under the Master Work Contract of July 22, 2014, between Guro Enterprise L.L.C. and Bollinger

4

Shipyards Inc., and has assisted the parties and approved their proposed notice to potential class members of this lawsuit. While several substantive issues remain outstanding, including whether this collective action should be decertified, this case is ripe for settlement.

This case has been litigated by competent lawyers on each side. Accordingly, while at present, the plaintiffs enjoy a high probability of success on the merits, given the competency of defense counsel and the uncertainty of adverse rulings on the potential decertification issue, failure on the merits is equally likely. Moreover, depending on the outcome of this litigation, an appeal to the Fifth Circuit by each side would be likely. Thus, based upon the uncertainty of the eventual outcome of this litigation, the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate and reasonable.

The fifth factor, the range of possible recovery, weighs in favor of a finding that the settlement is fair, adequate and reasonable. Each eligible class member will receive back pay due for overtime violations, plus an equal amount as liquidated damages. The Court therefore finds the total amount offered to each plaintiff is adequate, fair and reasonable and within range anticipated by the Court. Likewise, the total amount of attorney's fees and expenses sought by plaintiffs' counsel from the defendant will not reduce any collective action member's damage award, but rather will be paid to counsel separately.

5

These fees and expenses are not excessive or unreasonable, and the Court therefore finds that these fees and expenses are fair and reasonable.

The final factor, the opinions of the class counsel, class representatives, and absent class members, also mandates a finding that the settlement is fair, adequate and reasonable. Class counsel and the class representative, as well as the defendants and their counsel, have approved the terms of the Settlement Agreement and have joined in asking this Court for approval. There has been no objections to the settlement filed in the record and all agree that the proposed settlement is in the best interests of the parties involved. The settlement was arrived at after extensive negotiation by counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Cotton*, 559 F.2d at 1330. The Court finds no evidence that plaintiffs' counsel has not worked in good faith to secure a good settlement.

As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel. *Strong v. BellSouth,* 137 F.3d 844, 849-850 (5th Cir. 1998). Plaintiffs' counsel seeks approval of an award of $55,268.41 in attorneys' fees and $4,585.99 in expenses. For the reasons that follow, Court approval for payment by the defendants of these amounts to the plaintiffs' counsel should be granted.

The Fifth Circuit generally uses the lodestar method for determining reasonable

6

attorney's fees in class actions and FLSA actions. *Strong*, 137 F.3d at 850. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Strong*, 137 F.3d at 850. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Further, "[t]he lodestar . . . is presumptively reasonable and should be modified only in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993).

 In this case, plaintiffs' counsel has provided documentation that the plaintiffs' three

---

  [1]The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.

  "[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Id.* at *20 *citing Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the *Johnson* factors, complexity of the issues, the results obtained, and preclusion of other employment, are fully reflected and subsumed in the lodestar amount. *Id. citing Heidtman*, 171 F.3d at 1043 *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), and *Shipes*, 987 F.2d at 319-22 & n. 9. After *Johnson* was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Id. citing Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) *citing City of Burlington*, 505 U.S. at 567, and *Shipes*, 987 F.2d at 323.

attorneys, William H. Beaumont, Roberto Luis Costales, and Emily A. Westermeier, billed for 252.9 hours of work. [Rec. Doc. 102]. The record reflects that William H. Beaumont and Roberto Luis Costales have represented the plaintiffs in this collective action since filing, and Emily A. Westermeier enrolled as counsel for the plaintiffs over a year before the parties reached the proposed settlement. Counsel have propounded and answered numerous discovery requests on behalf of the plaintiffs, reviewed thousands of pages of the defendants' business records to determine the estimated damages for each collective action member, performed investigations to notify potential class members, filed numerous motions, and attended conferences and hearings with this Court.

As a result of their efforts, plaintiffs' counsel seek hourly compensation rates of $200 per hour for Emily A. Westermeier and $250 per hour for William H. Beaumont and Roberto Luis Costales. An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested. *LP & L v. Kellstorm,* 50 F.3d 319, 328 (5th Cir. 1995). Based on the record of this case, the documents presented, the Court's knowledge of the prevailing market rates in this legal community, recent awards of reasonable attorney's fees in this district, and the defendants not contesting the requested rates, the requested rates for the plaintiffs' attorneys are reasonable.

The court next applies the *Johnson* factors, as amended by subsequent case law, to the lodestar amount. The *Johnson* factors have been evaluated as follows: (1) the time and labor required have already been considered; (2) although the legal issues were not novel, the procedural and factual issues were difficult and complex; (3) the skill required to perform the legal services properly has already been considered; (4) plaintiffs' counsel presented no evidence on this factor, however; (5) the customary fee has already been considered; (6) whether the fee is fixed or contingent is no longer a permissible factor; (7) there were no particular time limitations imposed by the clients or circumstances; (8) the amount involved was minimal, although not necessarily for class litigation, and the results obtained were reasonably successful; (9) the experience, reputation and ability of plaintiffs' attorney and their law firms have already been considered; (10) the case was not undesirable; (11) the nature and length of the professional relationship with the client is not a factor; and (12) the awards in similar cases are not relevant because the lodestar amount here depends on the actual hours worked and hourly rate of pay.

Finally, although the recovery for the class members is less than the recovery of the attorneys, there is no rule of proportionality between damages and attorneys' fees. *Hollowell v. Orleans Regional Hospital, LLC*, 217 F.3d 379, 392 (5th Cir. 2000). Thus, while a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award. *Saizon*

9

*v. Delta Concrete Products Co., Inc*. 48 F.3d 795, 799 (5th Cir. 2006).

In light of this analysis, no adjustment need be made to the lodestar.

The Court also finds that the expenses sought to be recovered are reasonable and were necessarily incurred in prosecuting this litigation.   Documentation submitted by plaintiffs' counsel reveals that these expenses include filing fees, service fees and mailing fees. "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d) and *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp*., 71 F.3d 198, 205 n. 5 (5th Cir. 1995). A party who obtains a favorable judgment on some of its claims may be regarded as a prevailing party, even if it has not sustained all of its claims. *Id*. Taxation of costs under Rule 54(d) is within the district court's discretion. *Breaux v. City of Garland*, 205 F.3d 150, 164 (5th Cir. 2000). Although there is no "prevailing party" when a case settles, these principles indicate that plaintiffs' counsel should recover their costs expended in reaching a successful, fair and reasonable settlement in this action.

## CONCLUSION

For the reasons stated above, it is recommended that the proposed settlement be approved, and accordingly, that the Court grant the Joint Motion for Approval of Settlement [Rec. Doc. 94] on the terms and conditions set forth in the Motion and the Proposed Settlement Agreement.

Because the parties have agreed on the payment of the settlement funds and

attorneys' fees and there has been no objections to the settlement filed in the record, the Court hereby shortens the time period for objections set forth in 28 U.S.C.A. § 636(b)(1)(c).  The parties have five (5) days to serve and file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five (5) days following the date of its service, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Automobile Association*, 79 F.3d. 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed at Lafayette, Louisiana on this 19th day of October 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE